IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CHRISTIE B. CARMICHAEL AND ALL OTHERS SIMILARLY SITUATED,** § § § § | |
| Plaintiffs, § | |
| v. § | **CIVIL ACTION** |
| § | **FILE NO: 3:12-cv-706** |
| § | |
| **MONARCH DENTAL CORPORATION AND SMILE BRANDS SOUTHWEST INC.** § § § § § | **JURY DEMANDED** |
| Defendants. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, PLAINTIFFS, CHRISTIE B. CARMICHAEL, and all others similarly situated, and complain of Defendants MONARCH DENTAL CORPORATION and SMILE BRANDS SOUTHWEST, INC. (hereinafter collectively referred to as "Defendants") and for cause of action would show the Court as follows:

**I. INTRODUCTION**

1. This is a collective action suit to recover unpaid overtime wages and compensation for hours worked, but not recorded or paid ("off-the-clock" work) brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and post-judgment interest for Defendants' willful failure to pay overtime wages and compensation for hours worked, but not recorded or paid, pursuant to 29 U.S.C. § 216(b)

for Plaintiff CHRISTIE B. CARMICHAEL, and all others similarly situated, in the course of their employment with the Defendants.

3   CHRISTIE B. CARMICHAEL and all others similarly situated demand a jury trial on all issues that may be tried to a jury.

4.   This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and state common law.

## II. JURISDICTION AND VENUE

5.   Plaintiff CHRISTIE B. CARMICHAEL, on behalf of herself and the Plaintiff class, brings this action to recover unpaid overtime wages and compensation earned but not paid, from the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

6.   This Court also has jurisdiction of these claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

7.   Venue is proper in the Northern District of Texas under 28 U.S.C. § 1441(a).

## III. PARTIES

8.   Plaintiff **Christie B. Carmichael** is a resident of Dallas County, Texas.

9.   Members of the **"Plaintiff Class"** are current and former employees of Defendants who work, or have worked, at one or more of Defendants' dental facilities in Texas

10.   Defendant **Monarch Dental Corporation** is a validly existing Delaware corporation that may be served with summons and complaint by serving its Registered Agent CT Corporation System at 350 North St. Paul Street, Suite 2900, Dallas TX 75201, or at any other address where they conduct business.

11.   Defendant **Smile Brands Southwest, Inc.** is a validly existing Texas corporation

that may be served with summons and complaint by serving its Registered Agent CT Corporation System at 350 North St. Paul Street, Suite 2900, Dallas TX 75201, or at any other address where they conduct business.

12. Whenever in this complaint it is alleged that the named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants or employees.

12. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

13. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA 29 U.S.C. § 203(r).

14. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s) (1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s) (1).

15. At all material times, Plaintiff was an individual employee who was engaged in commerce of in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

16. Defendants are Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

### IV. CLASS ALLEGATIONS

17. Plaintiff CHRISTIE B. CARMICHAEL files this case as an "opt in" collective action, as it is specifically allowed by 29 U.S.C. § 216(b).

18. The class that Plaintiff CHRISTIE B. CARMICHAEL seeks to represent may be

described as follows:

> **All current and former employees of any of the facilities owned or operated by Defendants in Texas who 1) worked at any business located in Texas that was owned, operated, controlled and/or acquired by Defendants during the class period, and 2) claims that he or she was either (a) deliberately misclassified as being exempt from the overtime pay provisions of 29 U.S.C.,201 et .seq. ,(b) failed to receive all of his or her overtime pay, in violation of 29 U.S.C.201 et. seq .and seeks payment for such lawfully earned.overtime pay , or (c) failed to receive all of his or her compensation for work performed, but not recorded or paid ("off-the clock"), in violation of 29 U.S.C. 201 et. seq.**

19. Plaintiff, CHRISTIE B. CARMICHAEL, seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by counsel for Plaintiff CHRISTIE B. CARMICHAEL as required by 29 U.S.C. § 216(b).

20. Those persons who choose to opt in, referred to as the "Plaintiff's class", will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

21. Plaintiff CHRISTIE B. CARMICHAEL contends that this action is appropriate for collective action status because each named Defendant herein has acted in the same manner with regard to all members of the Plaintiff's class.

## V. FACTS

22. At all times relevant to this action, Defendants have been subject to the requirements of the Fair Labor Standards Act 29 U.S.C. 201 et.seq.

23. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

24. Defendants employed Plaintiff CHRISTIE B. CARMICHAEL from January 29, 2010

until January 20,, 2012 at 1750 Alma Road, Suite 108, Richardson, Texas 75081.

25. During the period of employment that, Plaintiff worked for Defendants, Plaintiff was classified as a Dental Hygienist.

26. During her employment and in the routine performance of her day-to-day job duties., Plaintiff has performed non-exempt work, during a significant period of most days, as classified by the Act, because the performance of Plaintiff's job required it and because Defendant management required the performance of those non-exempted job duties, as a condition of Plaintiff's continued employment.

27. In particular, Plaintiff cleaned patients' teeth, took dental x-rays, and recorded routine patient medical histories and blood pressure readings for Defendant's dental practice..

28. During Plaintiff's employment, while working for the Defendant, Plaintiff was required to work overtime hours in excess of 40 hours worked during many seven-day workweeks.

29. Further, during these hours worked, Plaintiff has performed the function of her job, which included the performance duties typically performed by "hourly" paid non-exempt employees because the job required it and the Defendants' management required it, as a condition of Plaintiff's continued employment.

30. Plaintiff often worked in excess of 40 hours per week during his employment with the Defendant.

31. Plaintiff's normal work schedule was to work between eight and ten hours during each workday..

32. Defendants required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees which routinely required Plaintiff and other similarly situated employees to work "overtime" hours as

defined by 29 U.S.C. § 201 *et seq.*, for which they    failed to receive overtime compensation as required by the Act.

## VI. FIRST CLAIM FOR RELIEF
### (misclassified as exempt employees)

33.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

34.     Plaintiff CHRISTIE B.CARMICHAEL and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S. C. 201, et seq., as well as by the administrative regulations used to interpret the Act.

35.     Plaintiff CHRISTIE B. CARMICHAEL and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek

36.     Defendants failed to compensate Plaintiff and all others similarly situated, their entitled pay (including overtime pay) for those hours they worked in excess of 40 per week.

37.     Defendants deliberately misclassified Plaintiff and all others similarly situated as employees exempted from the overtime provision of the Fair Labor Standards Act, 29 U.S.C. Sec. 201 *et.seq.*

38.     Defendants have failed to make good faith efforts to comply with the FLSA, and have willfully and deliberately sought to evade   the requirements of the federal statute.

39      The  Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

40.      Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent personnel practices regarding classification of Plaintiff and to all others similarly situated.

41. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for the Defendants until the date of trial.

42. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## VII. COLLECTIVE ACTION ALLEGATIONS

43. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

44. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

45. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

46. Other, similarly situated employees are being denied their lawful wages.

47. Accordingly, each Defendant's pattern and practice of misclassifying employees as exempt from the overtime provisions of the FLSA results from the Defendants' willful refusal to classify and pay their employees in conformance to the provisions of the FLSA.

48. Plaintiff CHRISTIE B. CARMICHAEL''S experience is typical of the experience of the member's class as it pertains to compensation.

49. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

50. All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation based upon their misclassification as exempt from the overtime provisions of

the FLSA, are similarly situated.

51. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

52. All current and former employees of Defendants' dental practice, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied overtime pay by being misclassified as "exempt" from the overtime provisions of the FLSA are properly included as members of the class.

## VIII. SECOND CLAIM FOR RELIEF
### (Unpaid overtime compensation under the FLSA)

53. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

54. Plaintiff CHRISTIE B. CARMICHAEL and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S.C. 201, et seq., as well as by the administrative regulations used to interpret the Act.

55. Plaintiff CHRISTIE B. CARMICHAEL and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek.

56. Defendants failed to compensate Plaintiff and all others similarly situated, their entitled pay (including overtime pay) for those hours they worked in excess of 40 per week.

57. Defendants have violated 29 U.S.C. § 201 *et seq.* by failing to compensate the Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 hours per week.

58. Defendants have failed to make good faith efforts to comply with the FLSA, and have

willfully and deliberately sought to evade the requirements of the federal statute.

59. Defendants have failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by all other similarly situated employees, as required by law.

60. The Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

61. No lawful exemption excused the Defendants from compensating Plaintiff and all others similarly situated, overtime pay for hours worked over forty per week.

62. Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding overtime compensation due to Plaintiff and to all others similarly situated.

63. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for the Defendants until the date of trial.

64. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## VII. COLLECTIVE ACTION ALLEGATIONS

65. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

66. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

67. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

68. Other, similarly situated employees are being denied their lawful wages.

69. Accordingly, each Defendant's pattern and practice of failing to pay the overtime pay (at time and one-half) of employees as required by the FLSA results from the Defendants' general application of policies and practices, and does not depend on the personal circumstances of the members class.

70. Plaintiff CHRISTIE B. CARMICHAEL''S experience is typical of the experience of the member's class as it pertains to compensation.

71. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

72. All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hour worked in excess of 40 per week, are similarly situated.

73. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

74. All current and former employees of Defendants' dental practice, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied overtime pay for hours worked in excess of forty (40) in any given workweek are properly included as members of the class.

### IX. THIRD CLAIM FOR RELIEF
**(Plaintiff's individual claim for unpaid wages
In violation of the Texas Labor Code, Chapter 61)**

75. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

76. By withholding Plaintiff CHRISTIE B. CARMICHAEL'S overtime wages earned during the period of her employment until the present, Defendant's have violated the Texas Labor

Code, Chapter 61, *et seq.,* which specifically requires the employer to pay its employees all of their wages earned.

77. Plaintiff therefore sues for her unpaid wages and all additional damages allowed under the Texas Labor Code, Chapter 61, *and et*

## X. FOURTH CLAIM FOR RELIEF
**(Failure to compensate for "off-the-clock" work)**

78. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

79. Plaintiff CHRISTIE B.CARMICHAEL and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S. C. 201, et seq., as well as by the administrative regulations used to interpret the Act.

80. Defendants failed to compensate Plaintiff and all others similarly situated, their entitled pay for all hours they worked in a workweek.

81. Defendants have failed to make good faith efforts to comply with the FLSA, and have willfully and deliberately sought to evade the requirements of the federal statute.

82. Defendants have failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by all other similarly situated employees, as required by law.

83. The Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

84. No lawful exemption excused the Defendants from compensating Plaintiff and all others similarly situated for hours worked, but not recorded or paid in a workweek..

85. Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding compensation due to Plaintiff

and to all others similarly situated for hours worked, but not recorded or paid.

86. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid compensation for hours worked, but not recorded or paid, from the date they commenced employment for the Defendants until the date of trial.

87. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## XI. COLLECTIVE ACTION ALLEGATIONS

88. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

89. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

90. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

91. Other, similarly situated employees are being denied their lawful wages.

92. Accordingly, each Defendant's pattern and practice of failing to compensate employees for work performed, but not recorded or paid, as required by the FLSA results from the Defendants' general application of policies and practices, and does not depend on the personal circumstances of the members class.

93. Plaintiff CHRISTIE B. CARMICHAEL''S experience is typical of the experience of the member's class as it pertains to compensation.

94. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

95. All employees, regardless of their job requirements or rates of pay, who are denied compensation for hours worked, but not recorded or paid, are similarly situated.

96. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

97. All current and former employees of Defendants' dental practice, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied compensation for hours worked , but not recorded or paid in any given workweek are properly included as members of the class.

## XII. ATTORNEY FEES

98. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

99. Plaintiff CHRISTIE B. CARMICHAEL, and all other similarly situated, are entitled to recover attorney's fees and costs for bringing this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## XIII. JURY DEMAND

100. Plaintiff CHRISTIE B. CARMICHAEL, and all other similarly situated, make a formal demand for a jury trial in this matter.

## XIV. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff CHRISTIE B. CARMICHAEL, and all other similarly situated respectfully request that upon hearing, the Court grant Plaintiff, and all others similarly situated, relief as follows:

a. Declare that Defendants have violated the Fair Labor Standards Act, specifically , 29 U.S.C. § 207, by failing to Plaintiff and all others similarly situated, overtime pay at one and one-half times their regular hourly rate for all hours in excess of 40

   worked during each seven-day work period, misclassifying employees as "exempt" from the overtime provisions of the FLSA, and by failing to compensate employees for work performed, but not recorded or paid;

b. Enjoin Defendants from failing to pay Plaintiff and all others similarly situated, at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period, and for failing to compensate for work performed, but not recorded or paid;

c. Order Defendants to pay Plaintiff and all others similarly situated, the difference between what they should have paid for overtime hours Plaintiffs worked during the relevant period and what they were actually paid, as well as compensation for hours worked but not recorded or paid, together with an equal amount as to liquidated damages.

d. Order Defendants to pay Plaintiff and all others similarly situated employees' reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

e. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney's fees, awarded against Defendants.

f. Order further relief, whether legal, equitable, or injunctive, as may be necessitated to effectuate full relief to Plaintiff CHRISTIE B. CARMICHAEL, and to all other similarly situated employees of the Defendants.

             Respectfully submitted,

             **THE LAW OFFICES OF JOE M. WILLIAMS & ASSOCIATES**
             P.O. Box 815212
             Dallas, Texas 75381
             (214) 217-4108 – Telephone
             (713) 532-0337 – Facsimile

             By: /s/ Joe Williams
              Joe M. Williams
              Federal ID. No. 997092
              State Bar No. 24063066

             **ATTORNEY FOR PLAINTIFF CHRISTIE B. CARMICHAEL**