**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHRISTIE B. CARMICHAEL** | § | |
| **AND ALL OTHERS** | § | |
| **SIMILARLY SITUATED,** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | **3:12-cv-00706** |
| | § | |
| **MONARCH DENTAL CORPORATION** | § | |
| **AND** | § | |
| **SMILE BRANDS SOUTHWEST, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT SMILE BRANDS SOUTHWEST, INC.'S
ORIGINAL ANSWER AND DEFENSES**

Defendant Smile Brands Southwest, Inc. ("Defendant") submits its Original Answer and Defenses to Plaintiff's Original Complaint as follows:

## I.    INTRODUCTION

1.     Defendant admits that Plaintiff purports to bring a collective action under the FLSA.  Defendant denies the remaining allegations in paragraph 1 of the Complaint.

2.     Defendant admits that Plaintiff purports to bring a collective action under the FLSA.  Defendant denies the remaining allegations in paragraph 2 of the Complaint.

3.     Defendant admits that Plaintiff purports to request a jury.  Defendant denies the remaining allegations in paragraph 3 of the Complaint.

4.     Defendant admits that Plaintiff purports to bring an action under the FLSA.  Defendant denies the remaining allegations in paragraph 4 of the Complaint.

## II.    JURISDICTION AND VENUE

5.      Defendant admits that Plaintiff purports to bring a collective action under the FLSA.  Defendant denies the remaining allegations in paragraph 5 of the Complaint.

6.      Defendant admits that the Court has subject matter jurisdiction.

7.      Defendant admits that venue is proper.

## III.    PARTIES

8.      Defendant lacks knowledge and information sufficient to admit or deny the allegations in paragraph 8 of the Complaint.

9.      Defendant cannot admit or deny its relationship with unidentified individuals. Defendant denies the remaining allegations in paragraph 9 of the Complaint.

10.      Defendant lacks knowledge and information sufficient to admit or deny the allegations in paragraph 10 of the Complaint.

11.      Defendant admits the allegations in paragraph 11 of the Complaint.

12.      Paragraph 12 contains a statement of the law to which no answer is required.

12 (sic).          Defendant denies the allegations in paragraph 12 (sic) of the Complaint.

13.      Paragraph 13 contains a statement of the law to which no answer is required.

14.      Defendant admits that it has had employees.  Defendant denies the remaining allegations in paragraph 14 of the Complaint.

15.      Defendant lacks knowledge and information sufficient to admit or deny the allegations in paragraph 15 of the Complaint.

16.      Defendant denies the allegations in paragraph 16 of the Complaint.

## IV.    CLASS ALLEGATIONS

17.      Defendant admits Plaintiff purports to bring a collective action.  Defendant denies the remaining allegations in paragraph 17 of the Complaint.

18.     Defendant admits Plaintiff purports to bring a collective action.  Defendant denies the remaining allegations in paragraph 18 of the Complaint.

19.     Defendant admits Plaintiff purports to bring a collective action.  Defendant denies the remaining allegations in paragraph 19 of the Complaint.

20.     Paragraph 20 contains a statement to which no answer is required.

21.     Defendant admits Plaintiff purports to bring a collective action.  Defendant denies the remaining allegations in paragraph 21 of the Complaint.

## V.     FACTS

22.     Defendant admits the allegations in paragraph 22 of the Complaint.

23.     Paragraph 23 contains a statement to which no answer is required.

24.     Defendant denies the allegations in paragraph 24 of the Complaint.

25.     Defendant denies the allegations in paragraph 25 of the Complaint.

26.     Defendant denies the allegations in paragraph 26 of the Complaint.

27.     Defendant denies the allegations in paragraph 27 of the Complaint.

28.     Defendant denies the allegations in paragraph 28 of the Complaint.

29.     Defendant denies the allegations in paragraph 29 of the Complaint.

30.     Defendant denies the allegations in paragraph 30 of the Complaint.

31.     Defendant denies the allegations in paragraph 31 of the Complaint.

32.     Defendant denies the allegations in paragraph 32 of the Complaint.

## VI.     FIRST CLAIM FOR RELIEF
### (misclassified as exempt employees)

33.     Defendant incorporates by reference the answers contained in paragraphs 1-32 above.

34.     Defendant cannot admit or deny its relationship with unidentified individuals. Defendant denies the allegations in paragraph 34 of the Complaint.

35.     Defendant denies the allegations in paragraph 35 of the Complaint.

36.     Defendant denies the allegations in paragraph 36 of the Complaint.

37.     Defendant cannot admit or deny its relationship with unidentified individuals. Defendant denies the allegations in paragraph 37 of the Complaint.

38.     Defendant denies the allegations in paragraph 38 of the Complaint.

39.     Defendant denies the allegations in paragraph 39 of the Complaint.

40.     Defendant denies the allegations in paragraph 40 of the Complaint.

41.     Defendant cannot admit or deny its relationship with unidentified individuals. Defendant denies the allegations in paragraph 41 of the Complaint.

42.     Defendant denies that Plaintiff and the purported class are entitled to any of the relief contained in paragraph 42 of the Complaint.

## VII.     <u>COLLECTIVE ACTION ALLEGATIONS</u>

43.     Defendant incorporates by reference the answers contained in paragraphs 1-42 above.

44.     Defendant denies the allegations in paragraph 44 of the Complaint.

45.     Defendant denies the allegations in paragraph 45 of the Complaint.

46.     Defendant denies the allegations in paragraph 46 of the Complaint.

47.     Defendant cannot admit or deny its relationship with unidentified individuals. Defendant denies the allegations in paragraph 47 of the Complaint.

48.     Defendant denies the allegations in paragraph 48 of the Complaint.

49.     Defendant denies the allegations in paragraph 49 of the Complaint.

50.     Defendant cannot admit or deny its relationship with unidentified individuals. Defendant denies the allegations in paragraph 50 of the Complaint.

51.     Defendant denies the allegations in paragraph 51 of the Complaint.

52.     Defendant denies the allegations in paragraph 52 of the Complaint.

## VIII.     SECOND CLAIM FOR RELIEF
### (Unpaid overtime compensation under the FLSA)

53.     Defendant incorporates by reference the answers contained in paragraphs 1-52 above.

54.     Defendant denies the allegations in paragraph 54 of the Complaint.

55.     Defendant denies the allegations in paragraph 55 of the Complaint.

56.     Defendant denies the allegations in paragraph 56 of the Complaint.

57.     Defendant denies the allegations in paragraph 57 of the Complaint.

58.     Defendant denies the allegations in paragraph 58 of the Complaint.

59.     Defendant denies the allegations in paragraph 59 of the Complaint.

60.     Defendant denies the allegations in paragraph 60 of the Complaint.

61.     Defendant denies the allegations in paragraph 61 of the Complaint.

62.     Defendant denies the allegations in paragraph 62 of the Complaint.

63.     Defendant denies the allegations in paragraph 63 of the Complaint.

64.     Defendant denies that Plaintiff and the purported class are entitled to any of the relief contained in paragraph 64 of the Complaint.

## VII. [SIC[     COLLECTIVE ACTION ALLEGATIONS

65.     Defendant incorporates by reference the answers contained in paragraphs 1-64 above.

66.     Defendant denies the allegations in paragraph 66 of the Complaint.

67.     Defendant denies the allegations in paragraph 67 of the Complaint.

68.     Defendant denies the allegations in paragraph 68 of the Complaint.

69.     Defendant denies the allegations in paragraph 69 of the Complaint.

70.     Defendant denies the allegations in paragraph 70 of the Complaint.

71.     Defendant denies the allegations in paragraph 71 of the Complaint.

72.     Defendant cannot admit or deny its relationship with unidentified individuals.

Defendant denies the remaining allegations in paragraph 72 of the Complaint.

73.     Defendant denies the allegations in paragraph 73 of the Complaint.

74.     Defendant denies the allegations in paragraph 74 of the Complaint.

### IX.     THIRD CLAIM FOR RELIEF
**(Plaintiff's individual claim for unpaid wages**
**In violation of the Texas Labor Code, Chapter 61)**

75.     Defendant incorporates by reference the answers contained in paragraphs 1-74 above.

76.     Defendant denies the allegations in paragraph 76 of the Complaint.

77.     Defendant denies the allegations in paragraph 77 of the Complaint.

### X.     FOURTH CLAIM FOR RELIEF
**(Failure to compensate for "off-the-clock" work)**

78.     Defendant incorporates by reference the answers contained in paragraphs 1-77 above.

79.     Defendant cannot admit or deny its relationship with unidentified individuals.

Defendant denies the remaining allegations in paragraph 79 of the Complaint.

80.     Defendant cannot admit or deny its relationship with unidentified individuals.

Defendant denies the remaining allegations in paragraph 80 of the Complaint.

81.     Defendant denies the allegations in paragraph 81 of the Complaint.

82.     Defendant cannot admit or deny its relationship with unidentified individuals. Defendant denies the remaining allegations in paragraph 82 of the Complaint.

83.     Defendant denies the allegations in paragraph 83 of the Complaint.

84.     Defendant cannot admit or deny its relationship with unidentified individuals. Defendant denies the remaining allegations in paragraph 84 of the Complaint.

85.     Defendant cannot admit or deny its relationship with unidentified individuals. Defendant denies the remaining allegations in paragraph 85 of the Complaint.

86.     Defendant cannot admit or deny its relationship with unidentified individuals. Defendant denies the remaining allegations in paragraph 86 of the Complaint.

87.     Defendant denies that Plaintiff and the purported class are entitled to any of the relief contained in paragraph 87 of the Complaint.

## XI.     COLLECTIVE ACTION ALLEGATIONS

88.     Defendant incorporates by reference the answers contained in paragraphs 1-87 above.

89.     Defendant cannot admit or deny its relationship with unidentified individuals. Defendant denies the remaining allegations in paragraph 89 of the Complaint.

90.     Defendant cannot admit or deny its relationship with unidentified individuals. Defendant denies the remaining allegations in paragraph 90 of the Complaint.

91.     Defendant cannot admit or deny its relationship with unidentified individuals. Defendant denies the remaining allegations in paragraph 91 of the Complaint.

92.     Defendant cannot admit or deny its relationship with unidentified individuals. Defendant denies the remaining allegations in paragraph 92 of the Complaint.

93.     Defendant denies the allegations in paragraph 93 of the Complaint.

94.     Defendant denies the allegations in paragraph 94 of the Complaint.

95.     Defendant cannot admit or deny its relationship with unidentified individuals.

Defendant denies the remaining allegations in paragraph 95 of the Complaint.

96.     Defendant denies the allegations in paragraph 96 of the Complaint.

97.     Defendant cannot admit or deny its relationship with unidentified individuals.

Defendant denies the remaining allegations in paragraph 97 of the Complaint.

## XII.     ATTORNEY'S FEES

98.     Defendant incorporates by reference the answers contained in paragraphs 1-97

above.

99.     Defendant cannot admit or deny its relationship with unidentified individuals.

Defendant denies the remaining allegations in paragraph 99 of the Complaint.

## XIII.     JURY DEMAND

100.    Defendant admits that Plaintiff purports to request a jury.

## XIV.     PRAYER FOR RELIEF

101.    Defendant denies that Plaintiff is entitled to any of the relief contained the

unnumbered prayer.

102.    All allegations in the Complaint not specifically admitted above are denied.

## DEFENSES, INCLUDING AFFIRMATIVE DEFENSES

Defendant set forth its defenses, including affirmative defenses, as follows:

1.      Plaintiff has failed to state claims upon which relief may be granted.

2.      Defendant did not employ Plaintiff.

3.      Plaintiff's claims are barred in whole or in part by the applicable statute of

limitations including, but not limited to, 29 U.S.C. § 255.

4.      Defendant at all times acted in good faith to comply with the FLSA and with

reasonable grounds to believe that it did not violate the FLSA.

5.      The actions of Defendant were in good faith conformity with and/or reliance on administrative regulation, order, ruling, interpretation, or practice of the United States Department of Labor.

6.      Without assuming any burden of proof, Defendant asserts that any alleged violation of the FLSA was not willful within the meaning of the FLSA.

7.      Some or all of the disputed time for which Plaintiff seeks recovery of wages is not compensable work under the FLSA.

8.      The time for which Plaintiff seeks compensation is *de minimis*.

9.      Plaintiff's claims are barred for time allegedly worked by her without her employer's actual or constructive knowledge.

10.     Without assuming the burden of proof, Defendant contends that the named Plaintiff and members of the purported collective action are not similarly-situated.

11.     Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative or other defenses available.  Defendant reserves the right to assert additional defenses in the event that discovery indicates they would be appropriate.

## **PRAYER**

For these reasons, Defendant requests that Plaintiff's Complaint be dismissed with prejudice and that it be awarded its costs, attorneys' fees, and such other relief as may be just and proper.

Respectfully submitted,

  /s/ John B. Brown.
John B. Brown
Texas Bar No. 00793412
john.brown@ogletreedeakins.com
Ron Chapman, Jr.
Texas Bar No. 00793489
ron.chapman@ogletreedeakins.com

**OGLETREE, DEAKINS, NASH, SMOAK &
    STEWART, P.C.**
Preston Commons, Suite 500
8117 Preston Road
Dallas, Texas  75225
Telephone: 214-987-3800
Facsimile:  214-987-3926

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on May 8, 2012, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following counsel for Plaintiff, an ECF registrant:

  /s/ John B. Brown.
John B. Brown

12319809.1 (OGLETREE)